UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA M. MCALLISTER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

Case No. 15-13605
Hon. Terrence G. Berg
Hon. Patricia T. Morris

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 18) AND MODIFYING IN PART AND ADOPTING REPORT AND RECOMMENDATION (DKT. 17)**

This matter is before the Court on Plaintiff Melissa McAllister's objections (Dkt. 18) to Magistrate Judge Patricia T. Morris's September 29, 2016 report and recommendation (Dkt. 17), recommending that the Court deny Petitioner's motion to remand (Dkt. 14), grant Defendant's motion for summary judgment (Dkt. 15), and affirm this case. Dkt. 17, Pg. ID 852.

I.      BACKGROUND

With the exception of two scrivener's errors discussed below, the Court finds that Magistrate Judge Morris's findings of fact are accurate and adopts them for purposes of this order.

## II.   ANALYSIS

Plaintiff raises four different objections to the report and recommendation. The first and second objections contain multiple grounds. Before making a "de novo determination of those portions of the report . . . to which objection is made," 28 U.S.C. § 636(b)(1), the Court will address objections that Plaintiff improperly raised.

### a.  Objections Plaintiff improperly raised

Plaintiff objects to the report and recommendation's finding that the ALJ provided good reasons for not according great weight to Dr. Nowland's Residual Functional Capacity Assessment ("RFC Assessment"), Dkt. 9-10, Pg. ID 690-93, and provides four reasons for support. Two of those reasons are improperly raised. First, Plaintiff argues that the ALJ failed to adequately identify the purported inconsistencies between the RFC Assessment and the other evidence of record. Dkt. 18, Pg. ID 897. Second, Plaintiff argues that the ALJ found that Plaintiff was suffering from many severe impairments and that the statements in Dr. Nowland's RFC Assessment were consistent with that finding, so the ALJ should have given weight to the information in the RFC Assessment. Dkt. 18, Pg. ID 898. Plaintiff advanced both arguments in her motion to remand. Dkt. 14, Pg. IDs 786, 786-787.

 Plaintiff also objects to the adequacy of the ALJ's analysis of Plaintiff's credibility on the ground that Plaintiff did not exaggerate her physical limitations and even admitted that some of her conditions improved. Dkt. 18, Pg. ID 900. Plaintiff asserted the same argument in her motion to remand. Dkt. 14, Pg. IDs 792-793.

And Plaintiff objects to the hypothetical RFC created by the ALJ who oversaw the administrative proceedings on the ground that it does not account for all of Plaintiff's

impairments. Dkt. 18, Pg. IDs 900-901. Plaintiff asserted the same argument in her motion to remand. Dkt. 14, Pg. ID 790.

All of these objections raise arguments that were advanced in Plaintiff's initial motion. To engage in an extended discussion of the merits of these objections would be to "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Nork v. Comm'r of Soc. Sec.*, 2015 WL 3620482 at *1 (E.D. Mich. 2015). Nonetheless, the Court has considered these objections, and finds that they are not well taken; Magistrate Judge Morris articulated valid reasons for rejecting these arguments, and Plaintiff provides no good basis for disturbing the recommendation.

The Court now turns to those objections that are properly raised.

### b.  Objections Plaintiff properly raised.

#### i.  *Plaintiff's objection to the factual recitation*

Plaintiff objects to the report and recommendation's factual recitation on three grounds. First, Plaintiff argues that the report and recommendation states that the ALJ found that Plaintiff *had* engaged in substantial gainful activity following the alleged onset date of her disability, when in fact the ALJ found that Plaintiff *had not* engaged in such activity. Dkt. 18, Pg. ID 894. Plaintiff is correct. Dkt. 17, Pg. ID. 856; Dkt. 9-2, Pg. ID 68. It is clear from the entire context of the report and recommendation that the omission of the word "not" is merely a scrivener's error. If Magistrate Judge Morris had intended to find that Plaintiff *had* engaged in substantial gainful activity after the alleged onset date of her disability, the inquiry would have ended there. Dkt. 17, Pg. ID 856 (describing the ALJ moving to the next

steps of a "sequential" analysis). But Judge Morris conducted an in-depth discussion of the remaining steps of the analysis, showing that she agreed with the ALJ's finding that Plaintiff had not engaged in gainful employment since the onset date of her alleged disability and also demonstrating that the typographical error had no material impact on the ultimate decision. Because the report and recommendation contains a typographical error, however, Plaintiff's objection is **SUSTAINED**, and the report and recommendation is **MODIFIED** to reflect that the ALJ found that Plaintiff *had not* engaged in substantial gainful activity following the alleged onset date of her disability. But because Plaintiff points to no portion of the report and recommendation's analysis that relies on this error, this objection does not warrant rejecting the *entire* report and recommendation.

Second, Plaintiff argues that the report and recommendation states that Dr. Nowland's RFC Questionnaire concluded that Plaintiff would need to receive medical treatment more than three times per month, when it actually concluded that Plaintiff would be absent from work more three times per month. Dkt. 18, Pg. ID 895. As to this claimed mistake, Plaintiff again is essentially correct. Dkt. 17, Pg. ID 861; Dkt. 9-10, Pg. ID 693.[1] Plaintiff's objection is therefore **SUSTAINED**, and the report

---

[1] Dr. Nowland's RFC Questionnaire contains the following question and answer:



Although this answer clearly does say that Plaintiff would have to miss work more than three times a month, is also indicates that the cause of these absences could be

and recommendation is **MODIFIED** to reflect that Dr. Nowland's RFC Questionnaire concluded that Plaintiff's impairments or treatment would cause her to miss work more than three times per month. However, Plaintiff points to no portion of the report and recommendation's analysis that relies on this error to reach its conclusion. Moreover, the ALJ gave minimal weight to Dr. Nowland's opinion, stating that "he provided no additional explanation for his conclusions regarding the claimant's need for unscheduled work breaks and excessive absences, which strongly suggests that he relied heavily on the claimant's subjective complaints." Dkt. 9-2, Pg. ID 75. Magistrate Judge Morris was justified in finding that this conclusion was based on substantial evidence. Consequently, this objection does not warrant rejecting the *entire* report and recommendation.

Third, Plaintiff argues that the report and recommendation, while discussing Dr. Ronan's consultative examination, neglects to mention that Dr. Ronan concluded that Plaintiff had a guarded prognosis and that a medical review would be helpful. Dkt. 18, Pg. ID 895. Although the report and recommendation does not appear to include that information, Plaintiff fails to identify any specific conclusion the report and recommendation reaches or any analysis the report and recommendation conducts that would necessarily change from the addition of Dr. Ronan's conclusions

---

either because of the need to obtain treatment or the nature of the impairments. Consequently, for the report and recommendation to characterize the RFC Questionnaire as stating that the Plaintiff would need to receive medical treatment more than three times per month is not a particularly grave error. Indeed the Questionnaire can be reasonably interpreted as stating that the patient's treatment might require her to visit the doctor more than three times a month.

in the factual recitation. Thus the Court does not view this argument as a sufficiently specific ground for objection—Plaintiff has identified no error, only an alleged omission. Plaintiff's objection on this ground is therefore **OVERRULED**.

### *ii.   Plaintiff's objection to whether the ALJ provided good reasons for discounting Dr. Nowland's RFC*

Plaintiff also objects to the report and recommendation's finding that the ALJ provided good reasons for discounting Dr. Nowland's RFC on four grounds, two of which the Court has already addressed. The remaining two grounds are:

(1) The report and recommendation states that Dr. Nowland left blank a section in the RFC labeled "Diagnostic Test," but there is no such section; and

(2) The report and recommendation improperly concludes that the ALJ's finding that Plaintiff had credibility issues would allow the ALJ to discount Dr. Nowland's RFC

Dkt. 18, Pg. IDs 898-899, 899.

With respect to Plaintiff's argument about the "Diagnostic Test" section, the report and recommendation does not find that there was such a section in the RFC Questionnaire itself, but instead references Dr. Nowland's progress notes (which contained a space for diagnostic testing information that was sometimes left blank). Dkt. 17, Pg. IDs 880-881 (citing Dkt. 9-8, Pg. IDs 494, 496, 498)

And with respect to Plaintiff's argument about the report and recommendation's conclusion that the ALJ could discount Dr. Nowland's RFC based on the ALJ's finding that Plaintiff had credibility issues, Plaintiff provides no legal support for her position and no specific explanation of why the report and recommendation's reasoning— which is supported by case law—is incorrect. Further, the report and

recommendation's conclusion appears correct. The ALJ found that Dr. Nowland's assessment was not supported by the doctor's own treatment notes or other objective evidence, and was instead based on Plaintiff's subjective complaints of her symptoms. Dkt. 9-2, Pg. ID 75. Thus, if Dr. Nowland relied on Plaintiff's subjective statements and those statements were themselves unreliable, Dr. Nowland's conclusions were also prone to being unreliable. Moreover, the ALJ explained in some detail the other medical evidence she found to be entitled to greater weight than Dr. Nowland's, including that of Drs. Ware, Shaikh, Ronan, and the State agency medical consultant, which supported the conclusion that the claimant retained the capacity to perform a modified range of "light" work activity. Dkt. 9-2, Pg. IDs 72-75.

Plaintiff's objection is therefore **OVERRULED**.

### III.   CONCLUSION

The Court has carefully reviewed the Magistrate Judge's report and recommendation, and finds that, outside of the two scrivener's errors, the report is well reasoned and supported by the relevant law. The Court will therefore modify the report and recommendation to correct the scrivener's errors, and will then adopt it as this Court's findings of fact and conclusions of law.

Accordingly, Plaintiff's objections are **SUSTAINED IN PART** and **OVERRULED IN PART**, Magistrate Judge Morris's report and recommendation is **MODIFIED IN PART AND ADOPTED**, Plaintiff motion to remand is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, and this case is **AFFIRMED**.

**SO ORDERED.**

Dated:  March 31, 2017                    s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 31, 2017, using the CM/ECF system, which will send notification to all parties.

                                          s/A. Chubb
                                          Case Manager

8